(89 App. Div. 583.)

## LE BRANTZ v. CAMPBELL et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. PLEADING—AFFIRMATIVE RELIEF—SUBMISSION TO JURISDICTION—AMENDMENT.

Code Civ. Proc. § 499, enacts that an objection to the jurisdiction of the court is not waived by a failure to take the objection by demurrer or answer. A complaint alleged a certain will invalid, and defendant's answer asked that the will be declared valid. Subsequently defendant moved to amend by striking the allegation of the answer, fearing that it amounted to a submission to jurisdiction. *Held*, that the motion was properly denied, inasmuch as the objection to jurisdiction might be made at the trial, notwithstanding defendant had asked for affirmative relief.

Appeal from Special Term, New York County.

Suit by Sarah May Le Brantz against James A. Campbell and others. From an order denying the motion of defendant Campbell to serve an amended answer, he appeals. Affirmed.

See 80 N. Y. Supp. 967.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Robert L. Fowler, for appellant.
Alexander S. Bacon, for respondent.

INGRAHAM, J. The action is brought to establish a last will of the decedent, Sarah Ann Waters, as a lost will. The complaint alleges that on the 11th day of December, 1902, the said Sarah Ann Waters departed this life, leaving a last will and testament executed on January 28, 1899, as a will of real and personal property, and without ever having revoked, annulled, canceled, or amended in any form or manner the whole or any part thereof, and that at the time of the death of the said Sarah Ann Waters the said last will and testament was a valid, existing instrument as and for the last will and testament of the property, real and personal, of the said Sarah Ann

Waters; that subsequent to the death of decedent there existed two instruments, each of which purported to be the last will and testament of the decedent; but alleges that at the time these instruments purport to have been executed the decedent was without testamentary capacity; and the judgment asked for is that these two instruments be declared to be void, and that the will of 1899 be established as the last will and testament of the decedent.

The complaint was verified in December, 1902, and the action seems to have been at issue as to all of the defendants prior to the March term, 1903, for which term it was regularly noticed for trial and a note of issue filed. It was reached for trial on October 16, 1903, when, because of the necessity of bringing in other parties defendant, the trial was adjourned to October 22d, on which day it was set for November 9th for trial. On the 26th day of October, 1903, after the case was set down for trial on the 9th of November, the defendant Campbell changed his attorney; whereupon a motion was made for leave to serve an amended answer, which was annexed to the motion papers, or for leave to withdraw the answer and serve a demurrer, attacking the jurisdiction of the court to entertain the action; the amendment being to strike from the original answer an allegation that the last of the two wills attacked by the plaintiff was the last will and testament of the decedent, and asking that such will be declared to be the last will and testament. That motion was denied, and the defendant Campbell appeals.

The object of this amendment apparently is to avoid what it is alleged would be a submission to the jurisdiction of the court by asking for affirmative relief. It would seem that the defendant Campbell cannot be prejudiced by having this demand remain in the answer; for, assuming that the Supreme Court had no jurisdiction in this action, the complaint would be dismissed upon the trial, as by section 499 of the Code of Civil Procedure an objection to the jurisdiction of the court or that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to take the objection by demurrer or answer. Where these objections exist, they may be taken advantage of by any party to the action at the trial, whether they are raised by demurrer or answer or not. There does not seem to be any admission in the answer that this defendant now desires to deny, and under the answer the defendant may raise all of the questions that he desires to raise upon the trial. The fact that a defendant asks for affirmative relief in his answer does not oblige him to insist upon such affirmative relief upon the trial. The Special Term was justified in such a case in refusing to allow an amendment which could be of no substantial benefit to the moving party, and which would delay the trial when the action was at issue and had been set down for trial. Under such circumstances, an amendment should not be allowed unless it can be seen that it is required by the substantial interests of the party making the application. While I believe that parties should be allowed to frame the pleadings so as to present the questions to be determined in the manner they desire, when it is quite apparent that the amendment can be of no substantial benefit to the party asking for it, and where the

case has been prepared for trial upon the pleadings as they are and set down for trial, the court is justified in refusing to allow the amendment.

Without passing upon any of the questions involved in the action, or expressing an opinion as to whether or not the plaintiff can maintain this action, we think the court below was justified in refusing the relief asked for.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.